UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CASE N0.

| | |
|---|---|
| SAMUEL J. NDUATI and | ) |
| CATHERINE NGANGA | ) |
|     Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| WALLACE G. NDUATI, PAULINE | ) |
| MWANGI and PINNACLE HOME | ) |
| HEALTHCARE SERVICES, INC. | ) |
| | ) |
|     Defendant. | ) |

# COMPLAINT

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C.A. § 1332 (a)(1) to recover damages caused by the Defendants' breach of contract, breach of fiduciary duty, and violations of Massachusetts Gen. laws Chapter 93A and 940 CMR § 3.16 (3) (4). The Defendants' actions are the direct and proximate cause of the damages which have been incurred by the Plaintiff in excess of $112,484.00 plus interest.

## JURISDICTION

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. § 1332 (a)(1) because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

## VENUE

Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 (b) because the Defendants reside and/or have usual places of business within the town of Worcester, in the Commonwealth of Massachusetts and all events that have given rise to the Plaintiffs' claims occurred within the town of Worcester and the Commonwealth of Massachusetts.

# THE PARTIES

1. The Plaintiff Samuel J. Nduati ("S. Nduati") is a resident of 2108 S. 90th Street, Apartment M310, Tacoma, Pierce County, Washington.

2. The Plaintiff Catherine Nganga ("Nganga") is a resident of 52 Blackfoot Court, Middle River, Baltimore County, Maryland

3. The Defendant Wallace G. Nduati ("W. Nduati") is a resident of 38 Chilmark St., Worcester, Worcester County, Massachusetts and has a usual place of business at 324 Grove St., Worcester, Worcester County, Massachusetts .

4. The Defendant Pauline Mwangi ("Mwangi") is a resident of 19 Snow Owl Lane Worcester, Worcester County, Massachusetts and has a usual place of business at 324 Grove St., Worcester, Worcester County, Massachusetts.

5. The Defendant Pinnacle Home Healthcare Services, Inc. ("Pinnacle") is a Massachusetts corporation with a usual place of business at 324 Grove Street, Worcester, Worcester County, Massachusetts.

## Service of Notice of Claim

6. The Plaintiffs restate the allegations contained in paragraphs 1 through 5 of their complaint.

7. On or about February 8, 2021, Counsel for S. Nduati and Nganga sent by certified mail return receipt requested, a Demand pursuant to M.G.L.A. c. 93A to the residences of W. Nduati and Mwangi. A copy of which is attached hereto and marked "A". The receipts were never signed by W. Nduati and Mwangi, and the correspondence was returned to the sender.

8. Thereafter, on or March 17, 2021 Counsel for S. Nduati and Nganga arranged for service of the original Demand Letter on W. Nduati and Mwangi at their place of business, 324 Grove Street, Worcester, Massachusetts, 01605. A copy of the letter dated March 17, 2021 with the constables return of service is attached hereto and marked "B".

## Count I
## Breach of Contract

9. S. Nduati and Nganga restate the allegations contained in paragraphs 1 through 8 of their complaint.

10. In January 2015 S. Nduati, Nganga, W. Nduati and Mwangi entered into an oral agreement to establish Pinnacle as a home care provider agency.

11. The oral agreement provided for cash investments by the S. Nduati, Nganga, W. Nduati and Mwangi in return for which each of the four individuals would receive twenty-five percent (25%) interest in Pinnacle as reflected by issued stock certificates.

12. The terms of the agreement included an understanding that W. Nduati and Mwangi would be working the business as the S. Nduati, Nganga were not residents of Massachusetts; however, it was agreed that S. Nduati, Nganga, W. Nduati and Mwangi would share equally in profits.

13. In furtherance of the agreement, in or about 2015, S. Nduati and Nganga invested sixty-five thousand ($65,000) dollars and W. Nduati and Mwangi invested $110,000, again with the understanding that they would need share equally in the profits of the business.

14. Shortly after Pinnacle became operational, W. Nduati and Mwangi informed S. Nduati and Nganga that the business was having financial difficulties and could not make any distributions of profits, without advising S. Nduati and Nganga of the specific reasons why the business was not profitable; however, W. Nduati and Mwangi continued to receive their weekly salaries.

15. Between 2015 and 2018 W. Nduati and Mwangi changed Pinnacle's bank accounts without telling S. Nduati and Nganga thereby denying them access to the account information and, again without telling S. Nduati and Nganga, W. Nduati and Mwangi applied for a loan for the business and signed S. Nduati and Nganga names to the loan documents making them responsible for this debt.

16. In or about 2018 the parties agreed to terminate the business relationship and to that end prepared a Mutual Release Agreement and Termination Agreement and Release ("The Agreement") which were signed electronically by all parties. Copies of which are attached hereto and marked "C" and "D".

17. In return for signing "C" and "D" and transferring their stock to the defendants, S. Nduati and Nganga's were to receive back their initial investment of $65,000 and be paid an additional $90,000 in 18 equal monthly payments commencing on the 31st day of January 2020.

18. Although their initial investment of $65,000 was returned to S. Nduati and Nganga, they have received no payments of the additional $90,000 that were to commence on January 31, 2020 despite demands from S. Nduati and Nganga that W. Nduati and Mwangi to do so.

19. As a result of W. Nduati and Mwangi's failure to pay any of the remaining $90,000 which is owed to S. Nduati and Nganga, W. Nduati and Mwangi are now in breach of their agreement with the S. Nduati and Nganga.

WHEREFORE S. Nduati and Nganga request that the Court enter judgment against W. Nduati, Mwangi and Pinnacle plus interest and costs.

## Count II
## Breach of Fiduciary Duty

20. S. Nduati and Nganga restate the allegations contained in paragraphs 1 through 19 of their complaint.

21. As stockholders, officers, and directors in a closely held corporation, S. Nduati, Nganga, W. Nduati, and Mwangi owed each other the fiduciary duty to deal with each other in utmost good faith and loyalty.

22. By refusing to honor the oral agreement initially entered into with S. Nduati and Nganga, changing Pinnacle's bank account without advising them, and signing their names to a loan without authorization from S. Nduati and Nganga, W. Nduati, and Mwangi are in breach of their fiduciary duty to S. Nduati and Nganga.

Wherefore, S. Nduati and Nganga request that the Court enter judgment against the W. Nduati, and Mwangi plus interest and costs.

## Violation of Chapter 93A

23. The S. Nduati and Nganga restate the allegations set forth in paragraphs 1-22 of this complaint.

24. At all relevant times, W. Nduati, and Mwangi were engaged in trade or commerce within the meaning of M. G. L. A. c. 93A §2.

25. The actions of W. Nduati, and Mwangi by inducing S. Nduati and Nganga to enter into The Agreement in return for S. Nduati and Nganga relinquishing their stock in Pinnacle, and by failing to pay S. Nduati and Nganga the $90,000 which they had promised at the time of the execution of the Mutual Release Agreement and Termination Agreement and Release, changing Pinnacles bank account without advising S. Nduati and Nganga and by signing their names to a loan without authorization from them constitute unfair and deceptive acts and practices within the meaning of M.G.L.A. c. 93A §2. The acts of W. Nduati, and Mwangi described herein were performed willfully and knowingly.

26. As a result of the actions referred to in paragraph 22 of this complaint S. Nduati and Nganga have suffered serious financial loss.

WHEREFORE S. Nduati and Nganga requests that the Court:

1. Enter judgment against W. Nduati, and Mwangi.

2. Award damages to S. Nduati and Nganga in the amount to be determined by the Court.

3. Treble such amount as provided by M.G.L. 93A §11.

4. Award interest cost and attorney's fees for S. Nduati and Nganga; and

5. Award such other relief as this court deems meet and just.

**THE PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

SAMUEL J. NDUATI and
CATHERINE NGANGA,
By their attorney,

/s/ James D. O'Brien, Jr.
James D. O'Brien, Jr., BBO #375755
Mountain, Dearborn & Whiting LLP
370 Main Street
Worcester, MA 01608
Dated: June 4, 2021          (508) 756-2423